**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

LINDA GIESEKE, et al., individually and
on behalf of other similarly situated
persons,

      Plaintiffs,                                                   Case No. 04-2511-CM/DJW

vs.

FIRST HORIZON HOME LOAN
CORPORATION, TERRY B. RENOUX,
PETER CIPOLLA, and JOHN MCGUIRE,

      Defendants.

---

**PROTECTIVE ORDER**

---

       The Court now considers the joint request (doc. 44) of the parties for entry of a protective order concerning the confidentiality of certain documents and information described below.

       This is a wage dispute arising under the Fair Labor Standards Act ("FLSA") and Kansas state law. Plaintiffs are current and former loan originators seeking to recover unpaid wages from Defendant First Horizon Home Loan Corporation (FHHLC) and individual officers and managers. Specifically, Plaintiffs claim that Defendants' compensation practices violate the FLSA in that Defendants failed to keep required time records and failed to pay Plaintiffs for overtime hours worked. This claim is brought as a Section 16(b) collective action. In addition, some Plaintiffs, who are former employees, claim that Defendants' compensation practices violate state law in that Defendants allegedly failed to pay terminated loan counselors for work done and commissions earned prior to termination of employment. These claims are asserted as

1

a state-wide class action under the Kansas Wage Payment Act and a common law theory of unjust enrichment.

Defendant FHHLC provides banking and mortgage lending services to customers nationwide and has a duty to maintain confidentiality of private customer information. Given the nature of the claims and parties, the following types of information and documents may be deemed confidential in this matter: 1) personal and compensation information regarding Defendant FHHLC's employees, including pay practices, compensation and payroll documents, personnel files and personnel information of a similar nature; and, 2) the manner in which Defendant FHHLC conducts its business operations, including budgeting, forecasting, and the collection and use of sensitive, private customer information, which information is not made known to the general public nor made available to Defendant FHHLC's competitors. For good cause shown, the Court enters the following Protective Order. It is, therefore,

ORDERED, that all documents and information produced in this case by the parties shall be subject to the following Protective Order:

1. This Protective Order shall govern all information and documents, as defined above, produced by the parties and designated by the producing party as confidential and subject to this Order. The parties shall designate material as confidential and subject to this Order by placing the following marking on the document in a manner which will not interfere with its legibility:

**CONFIDENTIAL**

**Subject to Protective Order**

2. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to

the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days of receipt of the deposition transcript, notify the parties that the deposition testimony contains confidential material, in which case the designated testimony shall be subject to the full protections of this Order.

3. If a party wishes to use any Confidential Information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court.

4. No portion of the documents marked confidential and filed with this Court shall otherwise be released except upon Court Order for good cause shown or upon the written authorization of the party(s) to whom said documents belong.

5. Except as otherwise directed by this Court, the documents and information produced by the parties and protected by this Order shall be revealed only to: (a) parties in this action (including officers and employees of any party), (b) counsel of record (including law firm employees) for the parties in this action, (c) their experts or consultants, (d) non-party witnesses in the case, (e) the Court and Court personnel for any purpose the Court finds necessary, and (f) jurors and Court personnel at trial of Plaintiffs' action against Defendant, as necessary for trial purposes.

6. With the exception of persons identified in subparts (a), (b), (e) and (f) of paragraph 5, no person entitled to access to protected documents or information under this Order shall be provided with the protected documents or information unless such individual has: (a) read the Order of this Court, and (b) completed and signed the affidavit attached hereto as Exhibit A. No person entitled to access to protected documents or information shall discuss the

contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.

7. Each person who reviews or inspects confidential documents or materials subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power. By signing a copy of the attached affidavit, the signing person signifies agreement to the provisions of this Order and consents to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected documents or materials. Each person's signature shall be notarized by an officer of a competent jurisdiction.

8. The documents and information produced to any party or others pursuant to the terms of this Order shall be used for the sole and limited purpose of prosecuting or defending this lawsuit.

9. Within thirty (30) days of the conclusion of the litigation, all documents and materials, including any and all copies, produced by either party, shall be returned to the producing party. In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each party shall notify counsel for the opposing parties that any and all documents and material, including copies of such documents and material, produced by the opposing parties, have been destroyed. All copies, summaries and abstracts of such materials, however maintained, shall be kept completely confidential for the duration of the litigation and at the conclusion of the litigation, shall be returned or destroyed pursuant to the terms of this paragraph.

10. Following the final disposition of all claims in this litigation, the jurisdiction of the Court over the parties to this litigation shall be terminated for all purposes (including enforcement of the protective order) unless leave is sought and obtained to reopen the case.

11. Nothing in this Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provisions of this Order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated. If any party elects to challenge the designation of confidentiality of any document or information pursuant to this Order, that party shall, in writing, notify the party to which the challenged document or information belongs of its challenge. Within fifteen (15) days of the receipt of such written notice, the party to which the challenged document belongs will either voluntarily remove the confidential designation or inform the challenging party that it will not remove the confidential designation. Thereafter, the challenging party may move the Court for an order removing the protections established by this Order. The burden of establishing confidentiality once challenged, by the above procedure, is upon the party producing the document. All documents, testimony or other materials designated by the party as confidential, however, shall retain their confidential status until such time as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including such appeal(s).

12. Violation by any person of any provision of this Protective Order may be punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Order.

**IT IS THEREFORE ORDERED THAT** the parties' Joint Motion for Entry of Protective Order (doc. 44) is GRANTED.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 23rd day of February, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

LINDA GIESEKE, et al., individually and
on behalf of other similarly situated
persons,

    Plaintiffs,                                Case No.  04-2511-CM/DJW

vs.

FIRST HORIZON HOME LOAN
CORPORATION, TERRY B. RENOUX,
PETER CIPOLLA, and JOHN MCGUIRE,

    Defendants.

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

    I hereby certify that I have read the Protective Order dated _____, in the above captioned case, understand its terms and agree that I am bound thereby.

    Dated_____.

_____

Print Name: _____

STATE OF _____  )
                                    ) ss.
COUNTY OF _____  )

    Subscribed and sworn to before me, a Notary Public, this \_\_\_\_\_ day of _____, 2005.

My Commission Expires:

                                            _____
                                                 Notary Public

EXHIBIT "A"