IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDA GIESEKE, et al., individually and ) <br> on behalf of other similarly situated persons, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> FIRST HORIZON HOME LOAN ) <br> CORPORATION, et al., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br><br> No. 04-2511-CM |

## ORDER

On January 10, 2006, this court granted conditional certification of a class of loan originators seeking to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The court ordered the parties to submit a proposed Notice, but the parties were unable to agree on the content of the Notice. The court then stayed the case for a period of time to allow the parties to engage in settlement negotiations. The stay has been lifted, and the case is before the court on the parties' dueling motions to approve Notice and Consent to Join forms (Docs. 116 and 118). Plaintiffs and defendants each submitted their own proposed Notices and Consent forms. The court will issue its rulings using plaintiffs' Notice as a starting point. *See Heitmann v. City of Chicago*, No. 04-C-3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004) ("The Court has both the power and the duty to ensure that the notice is fair and accurate, [but] that power should not be used to alter **plaintiffs' proposed notice** unless such alteration is necessary." (citation omitted) (emphasis added)).

Defendants ask the court in an unfiled letter to consider two Department of Labor Opinion

Letters before authorizing notice in this case. The court has ruled that sending notice of the suit is appropriate, and the court does not consider the merits of the case at this stage of the proceedings. *See McQuay v. Am. Int'l Group, Inc.*, No. 4:01CV00661 WRW, 2002 WL 31475212, at *1 (E.D. Ark. 2002). Defendants' request is denied.

1.   **Temporal Scope of Notice**

Defendants ask that the Notice be limited to those loan originators who worked for defendants from February 20, 2003 to the present, instead of October 14, 2001 to the present. Defendants' argument does not account for the possibility of tolling. While the court suspects that plaintiffs' suggested date is overinclusive, the court also suspects that defendants' proposed date may be underinclusive. At this point, the court is uncertain of what the correct date for the Notice should be, and the court therefore finds that plaintiffs' proposed Notice is appropriate. The court can restrict the class later if necessary. *See Herrera v. Unified Mgmt. Corp.*, No. 99 C 5004, 2000 WL 1220973, at *2 (N.D. Ill. Aug. 18, 2000) ("It is more efficient to later restrict the class than to later propose, revise through a series of briefs, and send out another notice.").

2.   **Identity of Defendants**

Defendants want the names of all individual defendants to appear throughout the Notice, rather than the general term "defendants." The court finds that all defendants should be listed in the caption and the "Re:" line, but that the Notice should refer generally to "defendants" throughout the remainder of the Notice.

3.   **Court Disclaimer**

Defendants object to the following language appearing at the beginning of the Notice in bold and capital letters:

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR DEFENDANTS' DEFENSES.**

Plaintiffs state that they do not oppose moving the language to the end of the Notice. The court finds that the language should appear at the end of the Notice in regular font.

**4.    Defendants' Defenses**

Defendants seek to add information about their defenses to the case. The court finds that defendants' proposed language is unnecessary and could be confusing to a lay person. The language in plaintiffs' proposed Notice sufficiently describes defendants' position.

**5.    Language about Costs**

Throughout the Notice, defendants argue that language should be added to advise the potential plaintiffs that they could be liable to defendants for their costs. Several courts have declined to require a warning about costs because (1) the FLSA is silent as to whether prevailing defendants may recover their costs, and (2) the warning could discourage potential plaintiffs from participating. *See Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 608 (W.D. Wis. 2006) (collecting cases). The court agrees with the reasoning of these courts, and overrules defendants' objection.

**6.    Reference to Representatives**

Defendants seek to add language concerning the representative nature of the relationship of the parties in this suit. Defendants' proposed language is duplicative of plaintiffs' proposed language in Section VIII of the Notice, and is unnecessary. The information is properly placed in Section VIII.

**7.     Changes to Consent to Join Form**

Most of the changes defendants propose for the Consent to Join form are unnecessary. There is no need for plaintiffs to certify (1) that they understand they are suing individual defendants; (2) that they understand they may be responsible for costs; (3) their dates of employment, which is information defendants should have; (4) that they worked over forty hours a week without being paid overtime; or (5) that they make the statements under penalty of perjury. The court rejects these proposed modifications to the Consent to Join form.

The court finds, however, that requesting plaintiffs' addresses, telephone numbers, and e-mail addresses is reasonable. This information is not too invasive, and should aid defendants in verifying employment information.

**8.     Other Changes**

The court makes the following rulings about the additional changes proposed by defendants:

a.     Adding "and should you choose to do so" after "to instruct you on the procedure for participating in this suit should you decide that it is appropriate" — sustained.

b.     Adding "You are not required to join this lawsuit" in Section IV — overruled.

c.     Striking "it is extremely important that you" before "read, sign and promptly return the Consent to Join Form." — sustained.

d.     Eliminating the bold print in Section IV — sustained.

e.     Eliminating the first sentence about when the Consent to Join form must be returned — overruled.

f.     Allowing sixty days to return the Consent to Join form instead of ninety days — overruled.

g.     Changing "you will not participate in any recovery obtained against First Horizon in this lawsuit" to "you will not be eligible to join the lawsuit" — sustained.

-4-

h.      Adding "if any" after "You will not be entitled to share any amounts recovered" — sustained.

i.      Deleting "or costs" from "there will be no attorneys' fees [or costs] chargeable to you." — sustained.

j.      Deleting "or proceeding separately" from "delay in joining this action, [or proceeding separately,] may result in some or all of your claims [expiring] . . . ." — overruled.

**IT IS THEREFORE ORDERED THAT** plaintiffs' Motion to Approve Notice and Consent to Join Form (Doc. 116) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendants' Motion to Approve Notice and Consent to Join Form (Doc. 118) is granted in part and denied in part.

Dated this <u>11th</u> day of October 2006 at Kansas City, Kansas.

                              **s/ Carlos Murguia**
                              **CARLOS MURGUIA**
                              **United States District Judge**