**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LINDA GIESEKE, et al., individually and on behalf of other similarly situated persons,** ) ) ) | |
| **Plaintiffs,** ) ) | **CIVIL ACTION** |
| v. ) ) | **No. 04-2511-CM** |
| ) | |
| **FIRST HORIZON HOME LOAN CORPORATION, et al.,** ) ) ) | |
| **Defendants.** ) ) | |

**MEMORANDUM AND ORDER**

This case is before the court on two intertwined motions: Plaintiffs' Motion for Class Certification (Doc. 92) and Defendants' Motion for Partial Judgment on the Pleadings or, in the alternative, Motion for Partial Summary Judgment (Doc. 106). Plaintiffs claim that their Kansas Wage Payment Act and *quantum meruit* claims should proceed as a class action. Defendants respond that the court should dismiss the claims as a matter of law. For the following reasons, the court concludes that neither motion should be granted.

The problem with both of the motions lies in the predominance of individualized factual questions in the state law claims of this case. For a case to proceed as a class action, it must not only meet Rule 23(a)'s prerequisites—which include commonality and typicality of claims—but it also must satisfy one of the requirements of Rule 23(b). Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions, and that a class action is the superior method of litigation. Similarly, the absence of individualized factual questions is required for dismissal of all of plaintiffs' claims on the same basis as a matter of law.

Even assuming that plaintiffs can meet the prerequisites of commonality and typicality (in addition to numerosity and adequate representation), the court finds that common questions of law or fact do not predominate. Plaintiffs argue that their claims involve the same policy and practice—defendants' denial of wages to its employees following termination of their employment. According to plaintiffs, the overriding issue is whether defendants' "closed and funded" policy violates Kansas law. But defendants' denial of post-termination wages has, at least in some circumstances, been based on employment contracts with plaintiffs. Plaintiffs' own words in response to defendants' summary judgment motion best explain the problem with certifying the claims as a class action:

> Defendants' motion squarely rests on: (1) an alleged existence of an employment agreement made with all Plaintiffs; (2) the alleged terms of that agreement; and (3) the assumption that the alleged agreement is valid, enforceable and operates to bar each Plaintiff's claims. But these assumptions are far from uncontested. In discovery, Plaintiffs may find that there were no such contracts, or that if there were, they were unenforceable based on the attendant circumstances. For example, assuming the existence and legitimacy of the alleged contracts, Plaintiffs may find in discovery that the contracts were unfairly entered into; were unconscionable based on the circumstances of hiring and employment at First Horizon; or were superceded by subsequent agreements.

The evaluation of whether an agreement constitutes an enforceable contract is an individualized one, and one that makes the state law claims in this case unsuitable for a class action. It is likely that the court would need to engage in a person-by-person inquiry into each class member's particular claims and defenses. Specifically, the court would need to examine: (1) whether each individual was operating under an employment agreement, and, if so, what the terms were; (2) the circumstances surrounding the execution of each agreement; (3) the enforceability of each agreement; (4) the terms of company policy governing any individuals without agreements; (5) the status of individual loans upon and after termination; and (6) the proper calculation of the

amount of commissions owed, if any. Although individual questions of damages will not bar class certification, *see In re Univ. Serv. Fund Tel. Billing Practices Litig.*, 219 F.R.D. 661, 676–77 (D. Kan. 2004), the individualized questions here go far beyond the determination of damages. These individual considerations convince the court that the state law claims are not suited for a class action.

Plaintiffs also argue that they meet the requirements of Rule 23(b)(1), which permits a class action to prevent risk of inconsistent verdicts or verdicts that would be dispositive of the interests of others. Rule 23(b)(1) certification, however, "should properly be confined to those causes of action in which there is a total absence of individual issues." *McHan v. Grandbouche*, 99 F.R.D. 260, 266 (D. Kan. 1983). For the reasons set forth above, certification is also inappropriate under Rule 23(b)(1).

Likewise, the court cannot grant defendants' motion for partial summary based on the same individualized fact questions. Defendants seek judgment because "the payment of commissions upon termination was governed by a compensation agreement that included an enforceable condition precedent." Whether such agreement existed or is enforceable with regard to each plaintiff is at issue, and summary judgment or judgment on the pleadings is inappropriate at this time.

Plaintiffs request fees and costs incurred in responding to defendants' motion for partial summary judgment or judgment on the pleadings. According to plaintiffs, the motion was untimely and fails to comply with procedural requirements. The court finds that an award of fees and costs is not warranted here. Defendants' motion is arguably timely. The court also finds that in this case, plaintiffs suffered no prejudice as a result of defendants' failure to set forth the uncontroverted facts in numbered paragraphs. Although the court will not sanction defendants at this time for failure to comply with technical pleading rules, the court expects defendants to comply with such rules in the

-4-

future, including properly authenticating exhibits that defendants offer as evidence.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Class Certification (Doc. 92) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings or, in the alternative, Motion for Partial Summary Judgment (Doc. 106) is denied.

Dated this 6th day of February 2007, at Kansas City, Kansas.

>  s/ Carlos Murguia
>  **CARLOS MURGUIA**
>  **United States District Judge**