GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LINDA GIESEKE, *et al*, individually
and on behalf of other similarly
situated persons,

          Plaintiffs,

v.

FIRST HORIZON HOME LOAN
CORPORATION, *et al*,

          Defendants.

CIVIL ACTION

No. 04-2511-CM-GLR

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion to Compel Discovery (doc. 194). Plaintiffs request that the Court compel Defendant First Horizon Home Loan Corporation ("Defendant") to produce social security number information for putative class members. For the reasons set forth below, the motion is granted.

## I.    Nature of the Discovery Dispute

Plaintiffs, loan originators for Defendant, bring this lawsuit on behalf of themselves and other similarly situated employees and former employees under section 16(b) of the Fair Labor Standards Act ("FLSA"),[1] to recover unpaid overtime compensation. Plaintiffs also assert state law claims for quantum meruit and violation of the Kansas Wage Payment Act.

Following the Court's conditional certification of the case as a collective action on January 10, 2006 (doc. 110), Plaintiffs raised the issue of whether Defendant would produce

---

[1] 29 U.S.C. § 216(b).

the social security numbers for putative class members. On March 21, 2006, Plaintiffs served an interrogatory and written request for production on Defendant seeking production of the social security numbers for putative class members. Plaintiffs requested this information for the limited purpose of locating and identifying putative class members so that these individuals can receive their court-authorized notice of this case.

On March 30, 2006, the case was stayed to allow for the parties to engage in settlement negotiations, which were held on August 30 and 31, 2006. The stay was thereafter lifted and Defendant timely served its written objections on Plaintiffs on September 25, 2006. It refused to produce social security number information on the grounds that the information is confidential, unduly burdensome and oppressive, and irrelevant. After attempting to confer to resolve the issue without court action, as required by Fed. R. Civ. P. 37(a)(2)(A) and D. Kan. Rule 37.2, Plaintiffs filed the instant Motion to Compel Discovery.

**II.     Discussion and Analysis**

Plaintiffs request that the Court order Defendant to produce, subject to the parties' protective order, the social security numbers for any putative class member whose court-authorized notice has been returned to Plaintiffs' counsel as undeliverable. In support of their request, Plaintiffs state that this information is necessary because some of the contact information for putative class members it received from Defendant is outdated, and Defendant's attempts to provide updated contact information to Plaintiffs have been ineffectual. They assert that social security numbers are relevant to locate putative class members and potential witnesses. Using social security number information, Plaintiffs' counsel can locate current addresses for the putative class members through Accurint, a people search database

2

operated by Lexis-Nexis. In its response in opposition to Plaintiffs' motion, Defendant asserts two primary objections to producing the social security number information for putative class members: (1) Plaintiffs offer no legal justification or factual support for their request, and (2) any asserted need by Plaintiffs is outweighed by the confidential nature of social security numbers and privacy concerns. The Court will address each objection below.

### A.     Legal Basis for Plaintiffs' Request

Defendant argues that Plaintiffs offer no legal justification for their request. Instead, their only legal argument is that the federal discovery rules allow the Court to order production of the information. It argues that the United States Supreme Court, in *Oppenheimer Fund, Inc. v. Sanders*,[2] has expressly rejected this argument and held that the discovery rules do not provide a basis for ordering a defendant to compile a list of names and addresses of members of a potential class so they could receive notice under Fed. R. Civ. P. 23.

In their reply memorandum, Plaintiffs point out that the *Oppenheimer Fund* case cited by Defendant, was in a Rule 23 class action context, not in a FLSA collective action. In *Oppenheimer*, the Court held "that Rule 23(d), which concerns the conduct of class actions, not the discovery rules, empowers the District Court to direct petitioners to help compile such a list [of class members]."[3] Plaintiffs further draw attention to a footnote in the opinion where the Court stated that it "[did] not hold that class members' names and addresses never can be obtained under the discovery rules."[4]

---

[2] 437 U.S. 340, 350-54 (1978).

[3] *Id*. at 344.

[4] *Id.* at 354, n. 20.

3

The Court finds that Defendant's reliance on the Supreme Court's 1978 holding in *Oppenheimer* for its objection to producing social security numbers in this case is misplaced. As Plaintiffs point out, the *Oppenheimer* decision was in the context of a Rule 23 class action, not a FLSA collective action. Furthermore, the *Oppenheimer* Court expressly disclaimed in footnote 20 that "[w]e do not hold that class members' names and addresses never can be obtained under the discovery rules."

Contrary to Defendant's reliance on *Oppenheimer* for the proposition that the discovery rules do not provide a basis for ordering a defendant to compile a list of names and addresses of putative class members, district courts appear to routinely order defendants in FLSA collective actions to produce information, including social security numbers, necessary for locating putative class members.[5] A recent Eastern District of California decision, addressing the same issue currently pending before this Court, is instructive.[6] In *Rees v. Souza's Milk Transportation, Co.*, the court required defendant to produce social security numbers for eleven FLSA class members for whom mailing to a last known address was insufficient. The court

---

[5]*See, e.g., Rincon v. B.P. Sec. & Investigations, Inc.*, No. Civ. A. H-06-538, 2006 WL 3759872, at *3 (S.D. Tex. Dec. 19, 2006) (ordering defendant to provide the dates of birth and social security numbers for any putative class member whose mailed notice was returned as undeliverable); *Rees v. Souza's Milk Transp., Co.*, No. 1:05-cv-00297 AWI TAG, 2006 WL 3251829, at *1 (E.D. Cal. Nov. 08, 2006) (ordering defendant to disclose social security numbers for eleven FLSA class members for whom mailing to a last known address was insufficient); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) (ordering defendant employer to provide the names, addresses, social security numbers, and employment dates of all putative FLSA class members); *Babbitt v. Albertson's, Inc.*, No. C 92-1883 SBA (PJH), 1992 WL 605652, at *5-6 (N.D. Cal. Nov. 30, 1992) (finding the list of names, addresses, telephone numbers and social security numbers of past and present employees relevant in a putative employment discrimination class action, and compelling production of such information).

[6]*Rees*, 2006 WL 3251829, at *1.

noted that disclosure of names, addresses, social security numbers, and employment dates of putative class members is a common practice in the class action context and has been used to locate putative class members in a variety of contexts, including under the FLSA.[7] The *Rees* court found the requested disclosure of social security numbers was appropriate "[g]iven the important FLSA rights at issue, the long history of disclosure of social security numbers of putative class members in various contexts (including under the FLSA), and the ready ability to protect confidentiality through the use of a protective order."[8]

Defendant also argues that Plaintiffs have not offered a shred of evidence that disclosure of thousands of private social security numbers is necessary to reach prospective class members. It states that it has provided Plaintiffs with both an original list of the names and addresses of putative class members, as well as an updated list. It argues that the information already provided should be sufficient to notify the class.

The Court disagrees. Plaintiffs state in their reply memorandum that 825 notices to putative class members, or 13% of the total class, have thus far been returned as undeliverable for invalid addresses, and this number continues to increase. The Court finds that Plaintiffs have shown that Defendant's prior production of putative class member names and addresses is not sufficient. The fact that notices using the addresses provided by Defendant have been returned as undeliverable provides sufficient justification for Plaintiffs' present request that Defendant provide social security numbers for these putative class members.

**B.   Privacy objection**

---

[7]*Id.*

[8]*Id.* at *2.

5

Defendant also argues that privacy concerns regarding social security numbers outweigh any of Plaintiffs' asserted needs for this information. Plaintiffs maintain that appropriate measures can be taken to address the privacy concerns raised by Defendant. Plaintiffs do not dispute the sensitive nature of social security numbers but believe there is a solution that will address both parties' concerns. They further cite to cases where courts have authorized the production of social security numbers in similar situations.[9]

Defendant cites three cases where courts have refused to require production of social security numbers for putative class members in FLSA collective actions based on privacy concerns.[10] The cases relied upon by the Defendant, even though not binding on this court, are nevertheless readily distinguishable. In *Humphries v. Stream International, Inc.*, the court applied a balancing test weighing plaintiffs' need for the "highly personal information" against the privacy interests of the current and former employees. It declined to require defendants to reveal the telephone numbers, dates of birth, and social security numbers of putative collective action members with the qualifier that "there was no apparent reason to conclude that sending a letter to the person's last known address would be inadequate." The facts of the *Humphries* case are distinguishable from this case, because Plaintiffs have shown that sending a letter to

---

[9]*See Rees*, 2006 WL 3251829, at *2 (disclosure of social security numbers was appropriate given the ready ability to protect confidentiality through the use of a protective order); *E.E.O.C. v. Lexus of Serramonte*, No. 05-0962 SBA, 2006 WL 2567878, *1, 6 (N.D. Cal. Sept. 5, 2006) (overruling objections to magistrate judge's order requiring defendant to produce an employee list, with social security numbers, conditioned upon the parties entering into a suitable protective order).

[10]*Humphries v. Stream Int'l, Inc.*, No. 3:03-CV-1682-D, 2004 U.S. Dist. Lexis. 20465, at *11 (N.D. Tex. Feb. 13, 2004); *Robinson-Smith v. Gov't Employees Ins. Co.*, No. Civ. A. 01-1340 (PLF), 2001 U.S. Dist. Lexis 25516, at *8-9 (D.D.C. Nov. 16, 2001); *Sharer v. Tandberg, Inc*., No. 1:06cv626 (JCC), 2006 WL 2988104, at *3 (E.D. Va. Oct. 17, 2006).

6

the putative class members, at the address provided by Defendant, is inadequate as 825 notices have already been returned as undeliverable. In a similar vein, in *Robinson-Smith v. Government Employees Insurance Co.,* the court conclusively, and without analysis, found that social security numbers of potential class members were not necessary in order to issue the notice.[11] In *Sharer v. Tandberg*, the court noted that Plaintiffs had conceded that social security numbers were unnecessary.[12]

Defendant also cites to *Hens v. Clientlogic Operating Corp.*,[13] a 2006 Western District of New York case wherein the court refused to order the defendant in an FLSA collective action to release the social security numbers of the certified class members. The *Hens* court found that "[t]he potential certified class members' interests in keeping such information confidential is more important than facilitating plaintiff's search for those members."[14] Plaintiffs argue that this case is distinguishable in that the *Hens* plaintiffs requested social security numbers for all class members at the same time they requested conditional certification, whereas in this case Plaintiffs have agreed to limit their request to production of social security numbers for that limited group of putative class members for whom Defendant could not produce a current and valid address. Plaintiffs also point out that the *Hens* case did not have in place a court-approved protective order, so the Court did not have the assurance of confidentiality and protection that would attend the production of the social security numbers.

---

[11]*Robinson-Smith*, 2001 U.S. Dist. Lexis 25516, at *8-9.

[12]*Sharer*, 2006 WL 2988104, at *3, n. 2.

[13]No. 05-CV-3815, 2006 WL 2795620, at *5 (W.D.N.Y. Sept. 26, 2006).

[14]*Id.*

Although courts have not uniformly required the production of social security numbers for putative FLSA collective action members, most courts addressing the issue have applied a balancing test of the conflicting interests. In general, courts apply a balancing test weighing the plaintiffs' need for social security numbers to facilitate notification of the FLSA action against the privacy interests of the putative class members. This balancing test considers the highly personal and confidential nature of social security numbers and the harm that can flow from disclosure, then balances it against the plaintiffs' need for the information to notify prospective class members.

Applying this balancing test to the case at bar, the Court finds that Plaintiffs' need for the social security numbers of the putative collective class members whose notices have been returned undeliverable outweighs the privacy interests of these members in keeping that information confidential. Plaintiffs have shown sufficient justification for their request for the social security numbers of members whose notices have been returned as undeliverable. By their count, at least 825 notices sent to the addresses provided by Defendant have been returned as undeliverable. Defendant's concerns regarding the sensitive and confidential nature of this information can be adequately addressed by requiring the production subject to the parties' protective order limiting the disclosure and dissemination of confidential information.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Compel Discovery (doc. 194) is granted. **Within ten (10) days of entry of this Memorandum and Order**, Defendant shall produce the social security numbers for any putative class member whose court-authorized notice has been returned to Plaintiffs' counsel as undeliverable. Any social security number information provided by Defendant shall be produced subject to the parties'

Protective Order (doc. 47) limiting the disclosure and dissemination of confidential information.

**IT IS FURTHER ORDERED THAT** although the Court overrules Defendant's objections, the Court finds them to be substantially justified under Fed. R. Civ. P. 37(a)(4)(A) so that the parties shall bear their own costs incurred with making the motion.

Dated in Kansas City, Kansas on this 7th day of February, 2007.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:  All counsel