**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LINDA GIESEKE, et al., individually and on behalf of other similarly situated persons,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| ) | **CIVIL ACTION** |
| **v.** ) ) | **No. 04-2511-CM** |
| ) | |
| **FIRST HORIZON HOME LOAN CORPORATION, et al.,** ) ) ) | |
| ) | |
| **Defendants.** ) ) | |

## MEMORANDUM AND ORDER

This case is before the court on Defendant's Objections to Magistrate Judge's Order on Plaintiffs' Motion to Compel Discovery (Doc. 808). Defendant asks the court to review Magistrate Judge Rushfelt's February 7, 2007 order, which directed defendant to "produce the social security numbers for any putative class member whose court-authorized notice has been returned to Plaintiffs' counsel as undeliverable."

Motions to compel discovery are nondispositive motions. *See* D. Kan. R. 6.1(d)(1) (defining nondispositive motions as "motions which are not motions to dismiss or for summary judgment"). The standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395

(1948)).

In his order, Judge Rushfelt carefully considered whether plaintiffs' request for social security numbers was authorized by law. He then balanced privacy concerns regarding the social security numbers with plaintiffs' asserted need for the information. Contrary to defendant's assertions in the instant motion, Judge Rushfelt neither understated the potential harm nor overstated plaintiffs' need for the numbers. His order reflects that he fully appreciated the privacy interests of putative class members, but felt that those interests could be adequately addressed by a protective order. He thoroughly examined relevant case law dealing with similar situations and concluded as follows:

> Plaintiffs' need for the social security numbers of the putative collective class members whose notices have been returned undeliverable outweighs the privacy interests of these members in keeping that information confidential. Plaintiffs have shown sufficient justification for their request for the social security numbers of members whose notices have been returned as undeliverable. By their count, at least 825 notices sent to the addresses provided by Defendant have been returned as undeliverable. Defendant's concerns regarding the sensitive and confidential nature of this information can be adequately addressed by requiring the production subject to the parties' protective order limiting the disclosure and dissemination of confidential information.

In reaching his decision, Judge Rushfelt relied on statements presented in plaintiffs' brief that were not supported by evidence. Specifically, he accepted plaintiffs' counsel's statements that 825 notices had been returned to counsel for invalid addresses. After Judge Rushfelt entered his order, plaintiffs' counsel submitted an affidavit stating that over one thousand notices have been returned as undeliverable. The court finds that Judge Rushfelt's reliance on unsupported statements of counsel in plaintiffs' brief—which have since been supported by admissible evidence—does not render his decision "clearly erroneous or contrary to law."

The court will, however, modify Judge Rushfelt's order in one respect. It is the court's

understanding that although some notices were initially returned as undeliverable, plaintiffs have since been able to send some of those notices successfully. Defendant need not provide social security numbers for any putative class member for whom plaintiffs' counsel eventually found the proper address.

The original and extended opt-in periods have ended for this class. To give the court's order to produce social security numbers any effect, it is necessary for the court to authorize a second extended opt-in period for a very limited portion of the putative class. *For only those putative class members for whom defendant produces social security numbers*, the court grants them forty-five days to return their consents.[1] The forty-five day period will begin on the date that defendant provides plaintiffs with the social security numbers. Consents filed for putative class members not in this limited group will be considered untimely and ineffective. The court wants to make it clear that plaintiffs are *not* authorized to resend the notice during this limited opt-in period to any putative class member who has received the notice despite an initial indication that it was undeliverable. In other words, if a notice was originally returned as undeliverable, but plaintiffs' counsel later found the proper address for that person, counsel may *not* resend the notice to that person during this limited opt-in period. Nor will that person's consent be timely-filed if submitted to the court after March 8, 2007.

---

[1] This is less than the amount of time that defendant originally suggested for the opt-in period—sixty days. At that time, plaintiff represented that a period of ninety days was necessary in order to process returned envelopes and resend notices. The court agreed with plaintiffs. Presumably, the return-and-resend process has already occurred with the putative class members at issue here. When the original opt-in period was about to end on January 22, 2007, plaintiffs sought an additional forty-five days and represented that the extra time would "ensure that, if and when the social security numbers are provided . . . there is adequate time for lost class members to be found." Plaintiffs' own statement suggests that forty-five days will be adequate. Based on the procedural posture of the case, the status of the putative class members involved, and plaintiffs' statements in their January 19, 2007 brief, the court finds that a period of forty-five days is adequate time for this limited extended opt-in period.

-4-

**IT IS THEREFORE ORDERED** that Defendant's Objections to Magistrate Judge's Order on Plaintiffs' Motion to Compel Discovery (Doc. 808) is overruled in part and sustained in part. All portions of the magistrate judge's order shall remain in effect, with the following modification: Defendant only need to produce the social security numbers for any putative class member whose notice has been returned as undeliverable <u>the most recent time that plaintiff sent the notice</u>.

Dated this 23rd day of April 2007, at Kansas City, Kansas.

                                               s/ Carlos Murguia

                                               **CARLOS MURGUIA**
                                               **United States District Judge**